**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| LEE BENNETT | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 8:21-cv-2018 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| DENIS R. MCDONOUGH, Secretary, | ) | |
| Department of Veterans Affairs | ) | |
| (Veterans Health Administration) | ) | |
| Agency | | |

Defendant

## COMPLAINT

Plaintiff Lee Bennett by and through his undersigned attorneys, files this Complaint against Defendant Denis R. McDonough, Secretary, Department of Veterans Affairs (Veterans Health Administration) Agency (the "VA" or Defendant) and alleges and says as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 41 U.S.C. Section 2000e et seq, specifically 42 U.S.C. §2000e-16 et seq. the Government Employee Rights Act of 1991.

2. Jurisdiction is conferred upon this Court by 42 U.S.C. Sect. 2000e-5; 2000e-16; 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343.

3. Venue is proper for the United States District Court for the Middle District of Florida because:

    a. Plaintiff was employed in the Middle District of Florida by the VA, which at all material times conducted, and continues to conduct, business in the Middle District of Florida;

    b. The acts that gave rise to Plaintiff's claims occurred within the Middle District of Florida pursuant to 42 U.S.C. Sect. 2000e-16(c) and 42 U.S.C. Sect. 1391 "b" and "c"; and

    c. The Defendant is subject to jurisdiction there.

## CONDITIONS PRECEDENT

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

5. Specifically, in 2020, Plaintiff contacted an EEO Counselor to report a hostile work environment.

6. On May 25, 2021, the U.S. Equal Employment Opportunity Commission Office of Federal Operations issued a Decision from a timely appeal from an agency final decision dated January, 15, 2021 in which Plaintiff was given the right to file a civil action in an appropriate United States District Court within 90 days.

7. Accordingly, this lawsuit is being filed within the 90 days' time in which to file.

## PARTIES

8. Plaintiff is a permanent resident of the United States, who during all material times resided in the Middle District of Florida.

9. Defendant, Denis R. McDonough, Secretary, Department of Veterans Affairs (Veterans Health Administration) Agency, is a federal agency headquartered at 810 Vermont Avenue, NW Room 1000, Washington, DC 20420-0001.

10. The VA is an "employer" within the meaning of the Title VII and the Government Employee Rights Act of 1991.

11. The VA is engaged in an "industry affecting commerce" within the meaning of Title VII and the Government Employee Rights Act of 1991.

12. At some or all times material to this action, the VA and some of its representatives engaged in unlawful discriminatory practices against the Plaintiff, which were motivated at least in part by the Plaintiff being of African descent, having disabilities and requesting accommodation for his disabilities.

## FACTUAL ALLEGATIONS

13. Plaintiff, worked as a Claim Assistant (GS-5) in the Office of Community Care Delivery Operations as the VAMA at 8900 Grand Oaks Circle, Tampa, Florida, from April 22, 2014 until he was terminated on December 2, 2020.

14. Prior to working at the VA, Plaintiff was a 20-year combat veteran who was honorably discharged from the service.

15. As a veteran, the Plaintiff took his job with the VA seriously and was duly qualified to perform his job with the VA within the legitimate expectations of his employer.

16. Plaintiff was an employee in good standing with the VA prior to his termination.

17. At all times material, Plaintiff, is a male African (of African Race) man.

18. At all times material, Plaintiff, suffered from chronic mental and physical disabilities of anxiety, severe osteoarthritis in his knees, degenerative joint disease, lumbar disc bulging and or herniations, left shoulder tendinitis and subacromial impingement, right shoulder rotator cuff tear, and right bicep tendinitis

3

19. Due to the disabilities described above, Plaintiff's major life activities are interfered as follows: (i) unable to drive for more that 20 minutes; (ii) unable to concentrate; and (iii) feelings of restlessness, rapid breathing and rapid heart rate.

20. At all times material, Plaintiff lived in Tampa, Florida.

21. At all times material, Plaintiff's immediate supervisor was Carissa Palacios-Martinez ("Carissa").

22. At all times material, Christina Luz ("Christina") was Plaintiff's Area Manager and Plaintiff's second level supervisor.

23. One of the Plaintiff's considerations when taking a position with the VA at the Tampa office was that he would not have to travel a very long distance to work; his home is approximately a ten-minute drive away.

24. In April of 2020, Plaintiff began having difficulties at work due to his mental and physical disabilities.

25. In early April of 2020 Plaintiff requested for reasonable accommodations of full-time telework to his immediate supervisor, Carissa.

26. At the time of Plaintiff's request, employees at the Tampa office were already teleworking pursuant to the April 1, 2020 stay-at-home order issued by Florida Governor Ron DeSantis.

27. Instead of granting the Plaintiff's request, Carissa denied it, citing that the Plaintiff was an essential worker and as such, he was required to travel to Largo, Florida.

28. Plaintiff's supervisor, Carissa knew of the Plaintiff's disabilities as he just requested accommodation for them therefore Carissa knew or should have known that it would

put great strain and hardship on the Plaintiff to travel from Tampa to Largo Florida but did so anyway.

29. On April 19, 2020 Plaintiff reported to duty at the VA's Office of Community Care in Largo, Florida per his supervisor's instructions.

30. Plaintiff continued to drive from Tampa to Largo and back again five times a week.

31. While the distance between Tampa and Largo is 25 miles, it takes approximately 1 hour to drive the distance.

32. Plaintiff became injured due to his disability when he endured hour long car rides twice a day for weeks.

33. While the Plaintiff was at the Largo, Florida location, he discovered that all of the employees that reported to the Largo office had gotten promoted to GS-9 or above.

34. The Plaintiff further discovered that those promoted employees at the Largo office were all Caucasian.

35. As such, in April of 2020, the defendant required its only black employee going to its Largo office, the Plaintiff, to commute approximately 1 hour from Tampa to Largo.

36. In April of 2020, the defendant required its only employee who requested an accommodation for his disabilities, to commute approximately 1 hour from Tampa to Largo.

37. On April 21, 2020, the Plaintiff again requested to telework but was denied by his supervisor who again cited he was an essential worker.

38. Instead of accommodating Plaintiff's request for his disabilities, the Plaintiff's second level supervisor, Christina, suggested he take eCam training to be promoted from GS-5 to GS-6.

5

39. The Plaintiff took his second level supervisors' suggestion as sincere at first and on June 1, 2020, he began eCAM training.

40. On June 2, 2020, Plaintiff was denied access to the online eCam training system.

41. On June 2, 2020, Plaintiff complained his to supervisor Carissa that he not could gain access to the eCam training system and she told him that "Christina is taking care of it."

42. Plaintiff did not get access to the eCam training system on June 2, 2020. Instead the Plaintiff sat in front of a computer and watch approximately 20 other trainees completing the eCam training.

43. On June 3, 2020, the third and final day of the eCam training period, Plaintiff still did not have access to the system and was unable to participate.

44. Plaintiff again sat for about 3 hours watching other trainees complete the training.

45. During the lunch break on June 3, 2020, the Plaintiff told his supervisor Carissa that he no longer wanted to continue sitting in front of the computer as it was too painful. Carissa told the Plaintiff that Christina wanted the Plaintiff to sit and watch the training.

46. The Plaintiff returned the computer and watched the training but was in a great deal of pain which led to him having an anxiety attack and found it difficult to concentrate as his mind kept going blank.

47. At the end of June 2020, Plaintiff requested reasonable accommodation to be able to telework or work from the Tampa office which is 10 minutes from the Plaintiff's home and presented approval through his VA doctor, Dr. Van.

48. The VA requested the doctor state the duration of arthritis in Plaintiff's right knee.

49. Upon information and belief, Dr. Van reported the duration of arthritis in Plaintiff's right knee and lower back to the VA.

50. Nothing happened after information was given to the VA.

51. After getting no response from the VA, the Plaintiff filed an informal complaint with the EEOC.

52. As a result of the informal complaint with the EEOC, he participated in mediation with his second level supervisor Christina but she would not agree to any accommodations for the Plaintiff's disabilities.

53. On December 2, 2020, instead of addressing the Plaintiff's concerns regarding his disability or race, the VA sent the Plaintiff a letter which instructed him that he was to be removed from civil service on December 2, 2020 pursuant to 38 U.S.C. § 714.

54. On December 10, 2020, when the informal process did not yield any results, the Plaintiff filed a formal complaint with the EEOC.

## COUNT I
## DISABILITY DISCRIMINATION:
### Government Employee Rights Act of 1991

55. Plaintiff re-alleges paragraphs 1 through 56 as if fully set forth herein.

56. 42 U.S.C. §2000e-16 et seq. defines a violation of the Government Employee Rights Act of 1991 to mean a practice that violates section 2000e-16(b)(a).

57. 42 U.S.C §2000e-16(b)(a)(3) states in relevant part that *"state employees . . .shall be made free from any discrimination based on . . . disability within the meaning of section 781 of title 29 and sections 12112 to 12114 of this title."*

58. The VA discriminated against the Plaintiff on the basis of his disabilities by failing to accommodate the Plaintiff's reasonable request to telework from home.

7

59. The VA further discriminated against the Plaintiff on the basis of his disabilities by failing to accommodate the Plaintiff's reasonable request to return to the Tampa office, a ten-minute commute from his home.

60. The VA discriminated against the Plaintiff on the basis of his disabilities by subjecting him to different terms and conditions of employment and terminating his employment for pre-texual reasons.

61. The actions of the VA constitute an intentional violation of Title VII, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

62. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) A determination that a violation of 42 U.S.C §2000e-16(b)(a)(3) occurred;

(b) An award of compensatory damages as would be appropriate if awarded under section 1981 or section 1981a(a) and 1981a(b)(2);

(c) An award of costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(d) Any other equitable relief deemed appropriate by this Court.

## COUNT II
## RACE DISCRIMINATION
## Government Employee Rights Act of 1991

63. Plaintiff re-alleges paragraphs 1 through 56 as if fully set forth herein.

64. 42 U.S.C. §2000e-16 et seq. defines a violation of the Government Employee Rights Act of 1991 to mean a practice that violates section 2000e-16(b)(a).

65. 42 U.S.C §2000e-16(b)(a)(1) states in relevant part that *"state employees . . .shall be made free from any discrimination based on . . . race within the meaning of section 2000e-16 of this title."*

66. The VA discriminated against the Plaintiff on the basis of his race by subjecting him to different terms and conditions of employment and terminating his employment for pretexual reasons.

67. The actions of the VA constitute an intentional violation of Title VII, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant,

68. Plaintiff has suffered injuries and losses including a violation of his statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

69. Plaintiff has retained the services of the undersigned attorneys to represent him in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) A determination that a violation of 42 U.S.C §2000e-16(b)(a)(1) occurred;

(b) An award of compensatory damages as would be appropriate if awarded under section 1981 or section 1981a(a) and 1981a(b)(2);

(c) An award of costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(d) Any other equitable relief deemed appropriate by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 20th day of August, 2021.                Respectfully submitted,

/s/ *Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:     (561) 455-0280
Facsimile:       (561) 455-0281
Email:            ntygar@me.com

10

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing complaint, and all the facts alleged therein are true and correct to the best of my/our knowledge and belief.

Executed on this __19TH__ day of August, 2021.

*Lee A. Bennett Jr.*
Lee Bennett