UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE BENNETT,

      Plaintiff,

v.                                         CASE NO. 8:21-cv-2018-SDM-AEP

DENNIS R. MCDONOUGH,

      Defendant.

_____/

## **ORDER**

Lee Bennett, a former employee of the United States Department of Veterans Affairs (VA), sues (Doc. 1) the secretary of the VA and alleges race and disability discrimination.  The secretary moves (Doc. 22) for summary judgment.  Bennett responds (Doc. 23), and the secretary replies (Doc. 24) under Local Rule 3.01(d).

Although characterized as a "motion for summary judgment," the secretary's motion (Doc. 22) rests exclusively on the claim that Bennett "failed to exhaust his administrative remedies."  According to *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008), "exhaustion of [the] administrative remed[y] is a matter in abatement and not generally an adjudication on the merits."  Thus, *Bryant* continues, "an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment.'"  *Bryant*, 530 F.3d at 1375 (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368–69 (9th Cir. 1988)).  Also, *Bryant* directs

a district court reviewing an exhaustion challenge "to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376; *see Tillery v. U.S. Dep't of Homeland Sec.*, 402 Fed. Appx. 421, 424–25 (11th Cir. 2010). Because the facts bearing on Bennett's exhaustion of the administrative remedy are distinct from the facts bearing on the merits of Bennett's claim, the secretary's motion (Doc. 22) is construed as a motion to dismiss. The record, developed through exhibits attached to the motion (Doc. 22-1) and response (Docs. 23-1 and 23-2), reveals the following facts.

## BACKGROUND

On June 11, 2020, Bennett, then a claims assistant for the VA, complained to an "equal employment opportunity (EEO) counselor" about harassment and a hostile work environment that Bennett allegedly suffered because of his race and disability. This complaint prompted the EEO counselor to begin "informal counseling" with Bennett.

If an employee of a federal agency, such as the VA, alleges workplace discrimination, 29 C.F.R. § 1614.105(a) requires the employee "to try to informally resolve the matter" with an EEO counselor before filing a formal complaint. If informal counseling fails to resolve the matter "within [thirty] days," Section 1614.105(d) directs the EEO counselor to "conduct [a] final interview with the [employee]" and to deliver to the employee written notice of the employee's "right to file a discrimination complaint within [fifteen] days of receipt of the notice."

- 2 -

After receiving notice of the right to file a discrimination complaint, the employee may file a formal complaint in accord with 29 C.F.R. § 1614.106.  Section 1614.106(a) and (b) direct the employee to file the formal complaint "with the agency that allegedly discriminated against the employee" and "within [fifteen] days" after the employee receives notice of the right to file a formal complaint.  The complaint (1) must include a statement that describes the allegedly discriminatory conduct, (2) must include the employee's telephone number and address, and (3) must include the signature of the employee or the employee's lawyer.  Failure to comply with Section 1614.106, including the fifteen-day deadline, will result in a complaint's dismissal under 29 C.F.R. § 1614.107(a).

During his informal counseling, Bennett's EEO counselor delivered to Bennett a "Notice of Rights and Responsibilities" (Doc. 22-1 at 7–12),[1] which (1) explains the regulations governing informal counseling and the formal complaint, (2) offers Bennett the opportunity to remain anonymous and to secure representation during counseling (Bennett declined each offer), and (3) informs Bennett of "the right, at the conclusion of counseling, to file a formal complaint within **15 calendar days** of receipt of the Notice of Right to File a Discrimination Complaint."  (Doc. 22-1 at 9) (emphasis in original)  Bennett completed and signed the notice on July 31, 2020.  (Doc. 22-1 at 12)

---

[1] In his unverified response (Doc. 23 at 2), Bennett "disputes" receiving this notice. But Bennett identifies no record material supporting this dispute. Indeed, Bennett's affidavit (Doc. 23-1) lacks any assertion disputing Bennett's receipt of this notice. Thus, Bennett demonstrates no genuine dispute of this fact.

Informal counseling failed to resolve Bennett's complaint.  And on September 8, 2020, Bennett's counselor sent Bennett an e-mail with the subject: "Issued Notice of Right to File."  (Doc. 22-1 at 23)  The e-mail directs Bennett to an attachment described as the "Notice of Right to File a Discrimination Claim" and warns Bennett that "[t]here is a **15-day (calendar days)** timeframe, in which to file the claim with [the EEO] office."  (Doc. 22-1 at 23) (emphasis in original)  The e-mail's attachment (Doc. 22-1 at 26–30) comprises (1) a cover letter signed by Bennett's EEO counselor; (2) Bennett's "Notice of Right to File a Discrimination Complaint"; and (3) a copy of "VA Form 4939" — the VA's "formal complaint" form.[2]

The cover letter (1) reports that the counselor "[is] closing the informal counseling," (2) briefly describes Bennett's complaints, and (3) informs Bennett that "[he] ha[s] two options available to [him]."  (Doc. 22-1 at 27)  According to the cover letter, Bennett can either (1) "choose to file a formal complaint of discrimination," which requires Bennett to "complete, sign and date" the attached complaint form and to return the form "to the address listed on the Notice of Right to File a Discrimination Complaint," or (2) "take no further action, indicating [Bennett's] wish not to pursue the allegations listed above any further."  The letter warns Bennett: "**If you**

---

[2] In his unverified response (Doc. 23 at 2), Bennett "disputes" receiving this attachment and argues that the attachment "has not been authenticated." But Bennett identifies no record material disputing either Bennett's receipt of the attachment or the attachment's authenticity. Indeed, in his affidavit (Doc. 23-1 ¶ 4), Bennett admits receiving the September 8 e-mail and offers no challenge to his alleged receipt of the attachment. Further, under *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012), the attachment appears readily reducible to admissible, authenticated form. Thus, Bennett demonstrates no genuine dispute of this fact.

**decide to file a formal complaint, you have 15 calendar days from receipt of this notice in which to do so.**" (Doc. 22-1 at 27) (emphasis in original)

The "Notice of Right to File a Discrimination Complaint" informs Bennett of "the right to file a formal complaint of discrimination" if Bennett "[is] not satisfied with the results of the informal EEO process." The notice continues, "**If you decide to file a formal complaint, you must do so WITHIN FIFTEEN CALENDAR DAYS OF RECEIPT OF THIS NOTICE.**" (Doc. 22-1 at 29) (emphasis in original) The notice advises Bennett to complete the attached complaint form, reports the mail and e-mail address of the proper recipient of a complaint form, and informs Bennett that his EEO counselor "is available to assist [him] in filling out" the complaint form. But the notice warns Bennett "**that the 15-calendar day time frame will not be extended due to [his] need to seek [] assistance in completing this form.**" (Doc. 22-1 at 29) (emphasis in original)

Finally, the attached complaint form (Doc. 22-1 at 31–32) includes several instructions to assist an employee's completing the form. These instructions include a "WHEN TO FILE" section, which states:

> Your formal complaint must be filed within 15 calendar days of the date you received the *"Notice of Right to File a Discrimination Complaint"* [] from your EEO counselor. If you do not meet this time limit, you must explain why you waited more than 15 calendar days to file. These time limits may be extended under certain circumstances; however, they will NOT be waived and your complaint will NOT be investigated unless you explain your untimeliness and the explanation is acceptable in accordance with EEOC 29 C.F.R. § 1614(c).

(Doc. 22-1 at 32) (emphasis in original)

Bennett failed to file a formal complaint within fifteen calendar days after re-ceiving the EEO counselor's e-mail.  Instead, reportedly believing the e-mail to "rep-resent[]" that his EEO counselor would "get the formal complaint filed on [his] be-half" (despite the repeated warning that Bennett must file a formal complaint), Ben-nett failed to file for three months.  (Doc. 23-1 at 1)  On December 9, 2020, Bennett called the VA about the status of his case.  (Doc. 23-1)  After learning that the VA had closed his case for failure to file a complaint, Bennett on December 10, 2020, sent the VA an e-mail in which Bennett reports to have "requested back in August to file a formal complaint."  (Doc. 22-1 at 34)

In response (Doc. 22-1 at 34) to Bennett's e-mail, the VA (1) asked Bennett to "resend [the] formal complaint" that Bennett purportedly sent in August and (2) sent Bennett a "Notice of Receipt of your Discrimination Complaint" (Doc. 22-1 at 36).  As amended (Doc. 22-1 at 56 n.2), the notice reports that "the official filing date of the complaint" is December 10, 2020, based on Bennett's e-mail about the closed case (although on that day Bennett still had not filed a formal complaint).

Responding to the request that he "resend [the] formal complaint," Bennett on December 11, 2020, sent the VA a "complainant affidavit" dated June 29, 2020, and signed by Bennett on July 3, 2020 — two-months before Bennett received a "notice of right to file a discrimination complaint."  (Doc. 22-1 at 41–44)  Noting that Ben-nett "submitted an [a]ffidavit," not a complaint, the VA asked (Doc. 22-1 at 46) Ben-nett to "please submit a signed and dated [Form] 4939."  In response, Bennett on De-cember 17, 2020, sent the VA a completed complaint form (Doc. 22-1 at 54), which

- 6 -

Bennett reportedly signed on August 10, 2020 — one month before receiving the "notice of right to file a discrimination complaint."[3]

In a January 15, 2021 letter (Doc. 22-1 at 56–57) sent to Bennett's attorney, the VA notes that Bennett "did not file the complaint until . . . 93 days after he received the [notice of right to file a discrimination complaint]."  Because "the language and guidance regarding the 15-calendar day [deadline] is quite clear" and because nothing suggests that Bennett "was prevented from filing a formal complaint," the VA concludes that Bennett failed to timely file the formal complaint and dismisses Bennett's complaint under 29 C.F.R. § 1614.107(a)(2).

Bennett appealed the dismissal to the Equal Employment Opportunity Commission (EEOC).  In a May 25, 2021 decision (Doc. 23-2), the EEOC concludes that Bennett "was clearly informed of the fifteen-day time limit for filing a formal EEO complaint" and that Bennett failed to "offer[] sufficient justification to warrant an extension of the time limit."  Because Bennett failed to timely file a formal complaint, the decision affirms the VA's dismissal and authorizes Bennett to "file a civil action in an appropriate United States District Court."

In this action, Bennett sues (Doc. 1) the secretary of the VA under the Government Employee Rights Act, 42 U.S.C. § 2000e-16, and alleges both disability and race discrimination.  Arguing that Bennett's failure to timely file a formal complaint

---

[3] The VA reports that before delivering the signed and dated complaint form, Bennett on December 10, 2020, delivered to the VA an unsigned and undated complaint form. (Doc. 23-2 at 2 n.2) Bennett offers no explanation for the August 2020 date on the signed complaint form or for the failure to deliver the signed complaint form on December 10, 2020.

constitutes a "fail[ure] to exhaust his administrative remedies," the secretary moves (Doc. 22) for summary judgment — construed as a motion to dismiss in accord with *Bryant*.

## DISCUSSION

In the motion (Doc. 22), the secretary argues that 29 C.F.R. § 1614.106 requires Bennett to file formal complaint not later than fifteen days after receiving the "notice of right to file a formal complaint" and that 29 C.F.R. § 1614.107 requires dismissal of a complaint that fails to comply with this deadline. Because Bennett failed to timely file a formal complaint, the secretary continues, Bennett failed to exhaust the administrative remedy. Thus, the secretary concludes, Bennett's discrimination claim is barred, and this action warrants dismissal.

Responding (Doc. 23) to the motion, Bennett principally argues that he satisfactorily exhausted the administrative remedy despite failing to timely file a formal complaint.[4] Bennett urges that his failure to timely file a formal complaint resulted from an innocent mistake and that his relatively prompt completion of a formal complaint after learning of his case's closure and his timely appeal demonstrate a "good faith effort . . . to cooperate with the agency and the EEOC and to provide all relevant information." Because this good faith effort "'is all that exhaustion requires,'"

---

[4] Also, Bennett insists that the EEOC's "grant[ing] [Bennett] the right to file a civil action" precludes a conclusion that this action warrants dismissal for failure to exhaust the administrative remedy. But as *Wade v. Secretary of the Army*, 796 F.2d 1369, 1376 (11th Cir. 1986), conclusively notes, the EEOC's conferring on an employee a "'right to file a civil action' does not resolve the issue whether such an employee has properly exhausted [the] administrative remed[y]." The EEOC's right to sue letter confers a right to judicial resolution of the action—not to resolution on the merits.

- 8 -

Bennett concludes that the motion warrants denial.  (Doc. 23 at 4) (quoting *Wade v. Sec'y of Army*, 796 F.2d 1369, 1377 (11th Cir. 1986)).

The parties agree that under *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) (per curiam), "[a] federal employee must pursue and exhaust [the] administrative remed[y] as a jurisdictional prerequisite to filing a Title VII action."[5]  Exhaustion requires from the employee a "[g]ood faith effort . . . to cooperate with the agency and EEOC" and a good faith effort "to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer."  Exhaustion requires the employee to assert "specific charges" and to "respon[d] to the agency's request for information."

Pertinently, exhaustion requires an employee to comply with a required regulatory deadline if the failure to comply "evidence[s] a refusal to cooperate in good faith with the EEOC."  *Brown v. Snow*, 440 F.3d 1259, 1264 (11th Cir. 2006); s*ee Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008).  According to *Shiver*, 549 F.3d at 1344, an employee's failure to begin informal counseling within forty-five days after the challenged conduct "generally" results in a jurisdictional "bar[] for failure to exhaust [the] administrative remed[y]."  Similarly, because the failure to timely file a

---

[5] Several circuits and the Supreme Court have questioned the propriety of *Crawford*'s conclusion that a pre-suit administrative notice requirement constitutes a jurisdictional bar, rather than a required condition precedent to an action. *See, e.g.*, *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Prerequisites to suit [such as] Title VII's charge-filing instruction are not [jurisdictional]; they are properly ranked among the array of claim-processing rules that must be timely raised to come into play."); *Boos v. Runyon*, 201 F.3d 178, 182 (2d Cir. 2000) ("[T]he exhaustion requirement, while weighty, is not jurisdictional."). Whether construed as a jurisdictional bar or as a compulsory "claim-procession rule," however, the mandatory nature of administrative exhaustion persists.

formal complaint deprives the agency and the EEOC of "the information it needs to investigate and resolve the dispute" and further deprives the agency and the EEOC of the opportunity to meaningfully investigate the dispute, the failure to timely file a formal complaint "generally" evidences "a refusal to cooperate in good faith." To that end, *Hendrix v. Snow*, 170 Fed. Appx. 68, 76 (11th Cir. 2006) (per curiam), reasons persuasively to the conclusion that a federal employee asserting a Title VII claim against a federal agency:

> must undergo a two-step process to exhaust [the] administrative remed[y]: (1) informal counseling with an EEO counselor within 45 days of the challenged act, and (2) the filing of a formal complaint with the agency or department within 15 days after the EEO counselor has issued a notice [of right to file a formal complaint].

(citing 29 C.F.R. §§ 1614.105 & 1614.106); *see Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) (concluding that a federal employee failed to exhaust the administrative remedy because the employee failed to file a formal complaint until "approximately twenty-two days after the EEO notice was first received").

As *Basel v. Secretary of Defense*, 507 Fed. Appx. 873, 876 (11th Cir. 2013) (per curiam), notes, however, "[t]he administrative deadlines . . . are not [themselves] jurisdictional prerequisites[] and are subject to estoppel and equitable tolling." *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95–96 (1990). In other words, even if an employee fails to satisfy the fifteen-day deadline to file a formal complaint, the employee can still exhaust the administrative remedy by demonstrating that the unsatisfied deadline warrants estoppel or equitable tolling. *Litman*, 703 Fed. Appx. at 770

- 10 -

(concluding that an employee failed to exhaust the administrative remedy because the employee "failed to timely contact an EEOC counselor" and "failed to demonstrate that [the deadline] warranted equitable tolling").

Under *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008), an employee must justify equitable tolling by demonstrating that "an inequitable event prevented . . . timely action." (citing *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)).  In other words, an employee must establish that some event outside the employee's control, such as a "misrepresentation" or other "misconduct" by the other party, caused the delay.  *Irwin*, 498 U.S. at 96 & n.4.  Equitable tolling offers no protection to an employee who "fail[s] to exercise due diligence in preserving his legal rights" and who justifies the delay with "what is at best a garden variety claim of excusable neglect."  *Irwin*, 498 U.S. at 96; *see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

At least six times, and in conspicuously emphatic font, the VA warned Bennett of the requirement to file a formal complaint not than later fifteen days after receiving the "notice of right to file a discrimination claim."  Despite this repeated warning, Bennett failed to file a formal complaint until ninety-three days after receiving the notice.  (Bennett has apparently abandoned the claim that he in fact filed a formal complaint in August 2020.)  Bennett offers no support for the implicit argument that conduct after the VA had already dismissed Bennett's claim as untimely can demonstrate a good faith effort to comply with the administrative process.

- 11 -

Further, even after he realized his mistake, Bennett alleges no attempt to explain to the VA the failure to timely file the formal complaint, an explanation required by the instructions on the back of the formal complaint form.[6]  In sum, Bennett's failure to comply with the administrative deadline despite several warnings and failure to provide requested information "evidence[s] a refusal to cooperate" with the administrative process.  Thus, to demonstrate a good faith effort to exhaust his administrative remedies, Bennett must justify equitable tolling of the VA's fifteen-day deadline.

In the response (Doc. 23 at 6) and in an affidavit attached (Doc. 23-1) to the response, Bennett seemingly attempts to justify equitable tolling by alleging (1) that Bennett "was under the impression" that his EEO counselor would "get the complaint filed on [his] behalf, (2) that Bennett "did not discover that a formal complaint had not been filed on his behalf until December 9, 2020," and (3) that after this discovery Bennett promptly filed the formal complaint and promptly appealed the dismissal.  This conduct fails to justify equitable tolling of the VA's fifteen-day deadline.

The "notice of rights and responsibilities," the September 8, 2020 e-mail, and the attachments to the September e-mail each reiterate (some several times) Bennett's obligation to file a formal complaint not later than fifteen days after receiving the notice of right to file a formal complaint.  Bennett neither (1) explains how any of these documents suggests that Bennett's EEO counselor would file the complaint for

---

[6] Indeed, the August 2020 reported signature date on the final complaint form suggests that Bennett attempted to back-date the complaint form, rather than admit to the violation of the fifteen-day deadline.

Bennett nor (2) offers any other conduct suggesting that Bennett's EEO counselor would file the complaint for Bennett.  Nor does Bennett ever allegedly ask the EEO counselor whether the fifteen-day deadline — reported in the e-mail and the attachments no less than five times and with varying levels of emphasis — applies to Bennett's case given that, as Bennett reportedly believed, the counselor would prepare Bennett's complaint on his behalf.  And Bennett again offers no support for the theory that a party's diligence only after violating a deadline justifies equitably tolling the violated deadline.  "The simple fact is that [Bennett] was told [six] times what []he must do to preserve h[is] claim, and []he did not do it." *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 151.  Bennett's response and affidavit suggest "at best a garden variety claim of excusable neglect" insufficient to justify equitable tolling. *Irwin*, 494 U.S. at 96.

Because Bennett fails to present any record material suggesting the timely filing of a formal complaint and fails to justify equitable tolling of the fifteen-day deadline in 29 C.F.R. § 1614.106(b), Bennett fails to exhaust the administrative remedy.  Accordingly, this action warrants dismissal under *Crawford*, 186 F.3d at 1326.

## CONCLUSION

The secretary's motion (Doc. 22), construed under *Bryant*, 530 F.3d at 1375, as a motion to dismiss, is **GRANTED**.  This action is **DISMISSED** for failure to exhaust the administrative remedy.  The clerk must close the case.

ORDERED in Tampa, Florida, on January 17, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE